# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| HOWARD WAYNE BELL, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | No. 2:16-cv-00044 |
| ) | Judge Trauger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

### I. Introduction

Pending before the court are the Petitioner's Motion To Correct Sentence Under 28 U.S.C. § 2255 (Docket No. 1), the Government's Response (Docket No. 7), and the Petitioner's Reply (Docket No. 11).

For the reasons set forth herein, the Motion To Correct Sentence (Docket No. 1) is DENIED, and this action is DISMISSED.

### II. Procedural Background

The Petitioner pled guilty to participation in a drug trafficking conspiracy involving Oxycodone, Hydrocodone, and Alprazolam, in violation of 21 U.S.C. §§ 841, 846. (Docket Nos. 552, 553, 554, 729 in Case No. 2:11cr00002). The Plea Agreement contemplated cooperation by the Petitioner potentially leading to a Government motion for downward departure from the applicable guideline range at sentencing for substantial assistance. (Id.) At the subsequent sentencing hearing, on August 6, 2012, the court granted the Government's motion for downward departure and imposed a sentence of 75 months of imprisonment. (Docket Nos. 1131, 1134, 1135, 1958 in Case No. 2:11cr00002). The record indicates that no appeal was taken.

On March 27, 2015, the Petitioner filed a motion seeking a sentence reduction under Amendment 782 to the Sentencing Guidelines. (Docket No. 1898 in Case No. 2:11cr00002). Amendment 782, which went into effect on November 1, 2014, reduced by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses. The court ultimately denied the Petitioner's motion, however, because reduction of the offense level pursuant to Amendment 782 resulted in the application of the career offender sentencing guideline, and the Petitioner's sentencing guideline range remained the same. (Docket No. 1996 in Case No. 2:11cr00002).

### III.  Analysis

A. <u>28 U.S.C. § 2255</u>

The Petitioner has brought this action pursuant to 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under Section 2255, a petitioner "' must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005)(quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)).

If a factual dispute arises in a § 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An

evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray,* 721 F.3d at 761; *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999). A hearing is also unnecessary "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id.*

Having reviewed the pleadings, briefs, and records filed in the Petitioner's underlying criminal case, as well as the filings in this case, the court finds it unnecessary to hold an evidentiary hearing because the records conclusively establish that the Petitioner is not entitled to relief on the issues raised.

B.  Johnson v. United States

Through his Motion, the Petitioner claims that his sentence should be vacated because the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) undermines the validity of the career offender guideline, U.S.S.G. § 4B1.2. In *Johnson,* the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. The ACCA imposes a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The "residual clause" is part of the definition of "violent felony," as set forth below in italics:

> (2) As used in this subsection–
>
> * * *
>
> > (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or

> destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. . .

(Emphasis added). After the *Johnson* decision was issued, several courts applied its reasoning to invalidate the identically-worded portion of the definition of "crime of violence" set forth in the career offender guideline.[1] *See, e.g., United States v. Pawlek,* 822 F.3d 902 (6th Cir. 2016). The Petitioner relies on the reasoning of these decisions in arguing that the career offender guideline is unconstitutionally void for vagueness. More specifically, the Petitioner argues that his sentence was enhanced under the career offender guideline because his prior Illinois conviction for

---

[1] "Crime of violence" was defined in the career offender guideline as follows, with the "residual clause" set forth in italics:

> (a) The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
>> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>>
>> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G. § 4B1.2(a)(2) (Emphasis added).

Through Amendment 798 to the Sentencing Guidelines, which became effective on August 1, 2016, the Sentencing Commission deleted the residual clause portion of the definition and replaced it with language that enumerates specific offenses.

aggravated battery was improperly considered to be a "crime of violence" under the residual clause of the definition.

In its Response, the Government argues that the Petitioner's prior conviction for aggravated battery "has as an element the use, attempted use, or threatened use of physical force against the person of another," and therefore, it satisfies the "crime of violence" definition without regard to the residual clause.

The court need not resolve this issue, however, because, on March 6, 2017, while the Petitioner's Motion was pending, the Supreme Court issued a decision that precludes his claim. In *Beckles v. United States,* ___ U.S. ___, 137 S. Ct. 886, 891, 197 L. Ed. 2d 145 (2017), the Court held that, unlike the statute at issue in *Johnson,* the Sentencing Guidelines are advisory, and therefore, the definitions in the Guidelines, including the residual clause, are not subject to a vagueness challenge under the Due Process Clause. Thus, even if the Petitioner's aggravated battery conviction qualified as a "crime of violence" under the career offender's residual clause definition, application of that definition was not unconstitutional. The Petitioner has not suggested that the *Beckles* decision is inapplicable to his claim, nor has he raised an alternative challenge to his conviction or sentence. Accordingly, the Petitioner's Motion To Correct Sentence is without merit.

IV.  Conclusion

For the reasons set forth herein, the court concludes that the Petitioner's request for Section 2255 relief is without merit. Accordingly, the Petitioner's Motion To Correct Sentence is denied and this action is dismissed.

If the Petitioner gives timely notice of an appeal from the court's Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. §

5

2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. *Castro v. United States,* 310 F.3d 900 (6th Cir. 2002).

It is so **ORDERED.**

Enter this 25th day of May 2017.

_____
ALETA A. TRAUGER
U.S. District Judge